IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 19-35832 |
| | ) | |
| Joan C. Lee | ) | Chapter 7 |
| | ) | |
| | ) | Honorable Judge Janet S. Baer |
| Debtor. | ) | |
| | ) | |
| Byline Bank, formerly known as | ) | |
| North Community Bank, successor by | ) | |
| merger with Oswego Community Bank | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Adversary Case Number |
| | ) | |
| Joan C. Lee | ) | |
| | ) | |
| Defendant. | ) | |

## ADVERSARY COMPLAINT OBJECTING TO DISCHARGE

Byline Bank, formerly known as North Community Bank, successor by merger with Oswego Community Bank ("Byline"), the Plaintiff, by its attorneys, Thomas M. Lombardo, Thomas J. Cassady and Julia Jensen Smolka, brings this adversary complaint against Joan C. Lee, the Defendant, alleging as follows:

### NATURE OF THIS ACTION

1. Byline brings this complaint as an adversary proceeding pursuant to Part VII of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

1

2. In this adversary complaint, Byline seeks entry of a judgment declaring the Debtor should be denied a discharge pursuant to 11 U.S.C. §727(a)(2)(A) and 11 U.S.C. §727(a)(4)(A).

## PARTIES, JURISDICTION AND VENUE

3. Byline is an Illinois state-chartered bank.

4. Debtor Joan C. Lee, a/k/a Joan C. Lee-Marshall ("Debtor") is an Illinois resident.

5. On or about February 22, 2013, Oswego Community Bank obtained a judgment in Illinois' Nineteenth Judicial Circuit Court against Joan Lee Marshall (a/k/a Joan C. Lee) (herein "Debtor") in the amount of $181,159.28.

6. Oswego Community Bank later merged with North Community Bank. North Community Bank subsequently changed its name to Byline Bank.

7. Pursuant to Illinois law, Byline's judgment against Debtor would have expired on February 22, 2020 if it was not revived. Therefore, on September 27, 2019, Byline filed its Petition to Revive Judgment against Debtor in the Nineteenth Judicial Circuit Court of Illinois.

8. On December 20, 2019 ("Petition Date"), Debtor filed a voluntary petition in the Northern District of Illinois Bankruptcy Court under Chapter 7 of the United States Bankruptcy Code ("Bankruptcy Code").

9. This Court has subject matter jurisdiction to grant the relief requested by Byline pursuant to 28 U.S.C. §1334(b) and Internal Operating Procedure 15 of U.S. District Court for the Northern District of Illinois. The claims for relief set forth in this complaint are core proceedings within the meaning of 28 U.S.C. §§157

(b)(2)(J). The statutory bases for the relief requested in this Complaint are 11 U.S.C. §727(A)(2) and 11 U.S.C. §727(A)(4).

10. Venue is proper in this judicial district pursuant to 28 U.S.C. §1409(a).

## COUNT I
### (Objection to Discharge 11 U.S.C. 727(a)(2)(A) for Permitting Property Transfer Within One Year)

11. Byline realleges and incorporates paragraphs 1 through 11 of this Complaint as if those allegations were fully restated in this paragraph 12.

12. On August 8, 2003, Debtor formed the Joan C. Lee-Marshall revocable living trust ("Trust"). (See a true and correct copy of the Trust Agreement, attached hereto as **Exhibit 1**).

13. By the terms of **Exhibit 1**, the Trust is administered for Debtor's benefit in her lifetime (**Exhibit 1**, ¶2.2) and Debtor is the Trustee of the Trust. (**Exhibit 1**, ¶1),

14. Debtor resides at 1080 Mattande Lane, Naperville, Illinois ("Mattande Property"). She has resided there since at least 2015.

15. On April 11, 2018, the Debtor's son Rex Lee transferred the Mattande Property into the Trust. (See a true and correct copy of the Deed transferring property into the Joan C. Lee-Marshall Trust, attached hereto as **Exhibit 2**).

16. Debtor's current bankruptcy attorney Richard Grossman prepared the deed, is the notary on the deed, and had knowledge of the transfer. (See **Exhibit 2**).

17. On October 4, 2019, Byline's process server served the Petition to Revive Judgment on Debtor at the Mattande Property. (See a true and correct copy of the Affidavit of Service, attached hereto as **Exhibit 3**).

18. Three days later, on October 7, 2019, Debtor as trustee of the Trust transferred the Mattande Property to her son, Rex Lee. (See a true and correct copy of the deed transferring the property from the Joan C. Lee-Marshall Trust to Rex Lee, attached hereto as **Exhibit 4**).

19. Debtor transferred the property to her son for no consideration. (See **Exhibit 4**).

20. Debtor filed her Petition and bankruptcy Schedules under oath on December 20, 2019. Attorney Richard Grossman was debtor's attorney who assisted her in preparing the Petition and Schedules.

21. Debtor failed to list her interest in the Trust on question 18 of her Schedule B. (A true and correct copy of Debtor's Schedule A/B is attached hereto as **Exhibit 5**).

22. Debtor failed to list her transfer of the Mattande property on question 25 of her Statement of Financial Affairs where she was asked to list any transfer of any property outside the ordinary course of business. (See a true and correct copy of Debtor's Statement of Financial Affairs, attached hereto as **Exhibit 6**).

23. Debtor also did not disclose the existence of her interest in the Trust in paragraph 25 of her Schedule A/B ("Trusts, equitable or future interests in property [other than anything listed in line 1], and rights or powers exercisable for your benefit"). (See **Exhibit 5**, ¶25).

24. Debtor's transfer of the Mattande Property to her son without consideration was done with the intent to hinder, delay and defraud Byline Bank, the Chapter 7 Trustee and all of her other creditors.

25. Debtor's intentional willful actions in transferring the Mattande Property within one year of filing the Petition is a violation of 11 U.S.C. §727 (a)(2)(A).

WHEREFORE, Byline Bank prays for the following relief:

A.   Entry of an Order denying Debtor a Chapter 7 discharge; and

B.   Such further relief as may be appropriate.

## COUNT II
### (Objection to Discharge 11 U.S.C. 727(a)(4)(A) for Making False Oath)

26.   Byline realleges and incorporates paragraphs 1 through 25 of this Complaint as if those allegations were fully restated in this paragraph 26.

27.   Pursuant to 11 U.S.C. §727 (a)(4)(A) Debtor is not entitled to a discharge if she knowingly and fraudulently made a false oath or account in connection with a case.

28.   Debtor made the false oaths described in paragraph 21, paragraph 22, and paragraph 23, above with the intent to defraud Byline and her other creditors.

29.   Debtor's false oaths described in paragraph 21, paragraph 22, and paragraph 23, above were material to the bankruptcy case.

30.   This challenge to the Debtor's discharge falls under §727(a)(4)(A), which withdraws a debtor's eligibility for discharge where she "knowingly and fraudulently, in or in connection with the case—(A) made a false oath or account." 11 U.S.C. §727(a)(4)(A).

31.   Debtor knowingly and fraudulently, in connection with the Chapter 7 case, made a false oath when she 1) transferred the Mattande Property and then filed her bankruptcy Petition two months later; 2) failed to list her transfer of the Mattande Property on question 25 of her Statement of Financial Affairs; 3) failed to reveal her ownership of the Mattande Property in paragraph 1 of her Schedule A/B; and 4) failed to reveal the existence of her Trust in paragraph 25 of her Schedule A/B.

32. Debtor knowingly and fraudulently made false oaths so as to conceal the Mattande Property and intentionally defraud her creditors in this case, and the Court should deny a discharge for that reason.

WHEREFORE, Byline Bank prays for the following relief:

A. Entry of an Order denying Debtor a Chapter 7 discharge; and

B. Such further relief as may be appropriate.

Respectfully submitted,

Byline Bank

By: /s/ Thomas J. Cassady
One of its attorneys

Julia Jensen Smolka, #6272466
Thomas J. Cassady #6307705
DiMonte & Lizak, LLC
216 W. Higgins Road
Park Ridge, IL 60068
847/698-9600
847/698-9623 Facsimile
tcassady@dimontelaw.com
jsmolka@dimontelaw.com